369 So.2d 1345 (1979)
STATE of Louisiana
v.
Warren WALKER.
No. 63437.
Supreme Court of Louisiana.
April 9, 1979.
Frank J. Gremillion, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Warren Walker was charged by bill of information with possession of phencyclidine and possession of phenmetrazine, violations of R.S. 40:968C. The trial judge found him guilty of possession of phencyclidine and placed him on supervised probation for one year after suspending a sentence of three years. We find merit in the assignments of error raised by the defense and therefore reverse the conviction and sentence.
On August 26, 1977 a search warrant was executed at 2023 Plank Road in Baton Rouge, the residence of Jessica Beals. The police discovered Jessica Beals in the front room of the residence and saw Warren Walker, clad in denim cutoffs, emerge from a rear bedroom which had been converted to a lounge area. A search of Walker's pockets revealed a matchbox containing three pink pills later identified as phenmetrazine. The police also discovered seven tinfoil packets containing phencyclidine inside a Dunhill cigarette package hidden in the freezer compartment of the refrigerator. A search of the rear bedroom unearthed a second Dunhill package which contained one cigarette partially composed of phencyclidine. On the ground beneath the bedroom window the police found two *1346 white phenmetrazine tablets next to a drawer which had apparently been removed from a kitchen cabinet and thrown from the window. Beals and Walker were subsequently charged with possession of the controlled substances.
Beals was tried alone on April 7, 1978. At her trial, Beals' attorney moved for and obtained a judgment of acquittal. Walker then retained the same counsel, who thereafter filed a motion to suppress the phenmetrazine tablets taken from Walker's pocket. At the end of argument on the motion, the state and defense stipulated that the record in Beals' trial would serve for Walker's trial as well. On May 30, 1978 the trial judge granted the motion to suppress the phenmetrazine seized from Walker's person, but found the defendant guilty of possession of phencyclidine.[1]
The defense contends that there was no evidence to convict Walker and assigns error to the court's denial of the motion for acquittal and to its finding the defendant guilty. The state initially argues that the defense is barred from raising these assignments because neither a motion for judgment of acquittal nor a motion for a new trial was filed, C.Cr.P. 778, 851; State v. Cobbs, 350 So.2d 168 (La.1977); State v. Blackstone, 347 So.2d 193 (La.1977). However, in light of the agreement to submit the case on the record from Ms. Beals' trial, where a motion for judgment of acquittal was made, the question is properly presented for review by this court.
Possession of a controlled dangerous substance is an essential element of the conduct proscribed by R.S. 40:968C. State v. Cann, 319 So.2d 396 (La.1975). The prosecution is not required to prove actual possession, but needs only to show that the defendant exercised dominion or control over the illegal substance. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Roach, 322 So.2d 222 (La.1975). However, the mere presence of someone in the area where the controlled dangerous substance is found, or mere association with the person found to be in possession of the contraband, is insufficient to constitute constructive possession. State v. Alford, 323 So.2d 788 (La.1975); State v. Cann, supra.
Here the state has presented evidence that the defendant was present in the residence (where Jessica Beals lived) at the time the drugs were discovered and that he was closer than Jessica Beals was to some of the drugs at the time the police entered the residence. On the other hand, once the suppressed evidence is discounted, the prosecution has presented no evidence to show that Walker knew or had reason to know that the drugs were present on the premises. Whether Walker was often present at the Plank Road residence and whether he had been there for an extended period of time on the afternoon in question is a matter of speculation. There was no evidence that the residence was frequented by drug users or that anyone other than Jessica Beals had access to the residence and its contents. Testimony of the searching officers indicates that no drugs were in open view in the apartment. Only the phenmetrazine tablets, which were subsequently *1347 suppressed, were found on the defendant's person. The evidence fails to prove that Walker exercised control over any of the drugs seized except for the tablets taken from his pocket.
Since there is no evidence that the defendant either had or shared possession, control or dominion of the controlled dangerous substance, we must reverse the defendant's conviction and sentence.
For the reasons assigned, the conviction and sentence of Warren Walker are reversed, and judgment of acquittal is entered. State v. Liggett, 363 So.2d 1184 (La.1978); see Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
NOTES
[1] The trial judge at one point stated that the defendant was guilty of possessing all the controlled dangerous substances at the residence, but later stated: "I found him guilty of the ones that were found outside the house in the drawer which I think was the phencyclidine, and the phenmetrazine I believe was on his person. I may have them backwards. But the ones on his person I've excluded as admissible into evidence. You can probably look in your file, and I can read the transcript. Mr. Gremillion, which of the two drugs were the ones in the matchbox and which were the ones outside the house? The phenmetrazine? I remember the phencyclidine was in the matchbox." The prosecution thereafter stated: "The phencyclidine is the ruling today, the guilty ruling." However, the record reveals that the tablets found beside the drawer were phenmetrazine and it is therefore clear that Walker was convicted of possessing phenmetrazine and not phencyclidine. This confusion resulted in the state's concentrating its arguments on the phencyclidine discovered in the rear bedroom, while the defense brief discusses both the phencyclidine found in the bedroom and that found in the refrigerator. However, we note these errors only in passing since the rationale of the decision applies with equal force to all the substances found in the residence other than the phenmetrazine found in the defendant's pocket.