WATKINS, Judge.
Defendant, Robert Lee Gasery, was indicted for the second degree murder of Floyd Howard on February 19, 1980, in violation of LSA-R.S. 14:30.1. Defendant pleaded not guilty and, after a jury trial, was found guilty as charged. He was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He appeals his conviction, alleging seven assignments of error.
FACTS:
On the evening of February 19, 1980, defendant was in the Coco Cabana Lounge in Gray, Louisiana. While there, defendant argued with the victim’s girlfriend and several other customers. Several patrons in the bar testified that they saw defendant brandishing a knife that night which he would open in the course of his repeated arguments. Following an argument with the bar owner outside the premises, defendant left and started walking down the highway. The victim and his girlfriend were sitting in her ear when defendant passed. When defendant made an insulting remark, the victim got out of the car and told defendant to leave. The men then began to fight. The girlfriend testified she heard a “click” and then saw defendant run away, followed by the victim. The victim was unable to catch defendant and returned to the car. When his girlfriend saw his bloody shirt, the victim stated that he had been stabbed by defendant. The victim, Howard, died that night.
Later that night, police officers arrested defendant at his cousin’s trailer home after she reported he was there. A bloody knife was found in defendant’s jacket.
ASSIGNMENT OF ERROR NUMBERS 1 THROUGH 7:
Defendant contends the trial court erred in overruling defendant’s objection to testimony by seven state witnesses identifying defendant as Robert Gasery. Defendant argues that this testimony was not relevant because it did not show that defendant committed or intended to commit the murder. The State contends the identification was relevant to show that the person named in the indictment was the defendant in this case and to indicate to the jury the person to whom each witness was referring.
All evidence which is relevant to a material issue, necessary to be known to *620 explain a relevant fact, or which supports an inference raised by such a fact, is admissible, except as otherwise provided by the constitutions of the United States and Louisiana, or by law or rule of the Louisiana Supreme Court. See, LSA-R.S. 15:435, 441; State v. Ludwig, 423 So.2d 1073 (La. 1982). Furthermore, the trial court has great discretion in determining the relevancy of evidence, and its determination will not be overturned absent a clear abuse of discretion. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). Since the witnesses were testifying about what they saw before the murder the evidence was relevant and proper to show that the witnesses were talking about defendant, and to show defendant’s violent state of mind on the night the stabbing occurred.
The victim’s girlfriend identified defendant as the man who fought the victim seconds before he was stabbed. No one else was in the vicinity of the fight. In light of her testimony and the overwhelming evidence presented, we find no error.
These assignments of error are without merit.
The conviction and sentence are affirmed.
AFFIRMED.