463 So.2d 706 (1985)
STATE of Louisiana
v.
Carolyn J. HARVEY.
No. KA 1649.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Martin E. Regan, Jr., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for appellee.
Before KLEES, CIACCIO and WARD, JJ.
*707 CIACCIO, Judge.
A jury found defendant guilty as charged of possession with intent to distribute pentazocine (talwin). In her brief defendant argued six assignments of error. Because we find the evidence insufficient to sustain the conviction we pretermit any discussion of defendant's other assignments of error.

FACTS
Based upon information received that "Mattie" was selling "sets" (matched combinations of one pill each of talwin and pyribenzamine) from her house at 2119 Pauger St., two police officers conducted a surveillance of that location. During an hour and a half the officers observed three suspicious transactions at the residence. Based upon the information received and the results of their surveillance the officers applied for and obtained a warrant to search 2119 Pauger St.
Six people were in the residence when the officers arrived to execute the warrant. A search of the residence revealed: ten (10) "sets", individually packaged, found inside of a Kool cigarette pack located on a dresser in the bedroom; two (2) talwin tablets, a .38 calibre revolver, and one hundred eighty-six ($186.00) dollars in currency found in the kitchen; and a package of ten syringes. The officers arrested all six persons present in the residence.
Of the six persons arrested, the District Attorney charged three: Mattie Johnson, who lives at 2119 Pauger St.; Joseph L. Hart, Mattie Johnson's son; and Carolyn Harvey (appellant), Mattie Johnson's daughter. Both Joseph Hart and Carolyn Harvey provided police with 2119 Pauger St. as their address for booking purposes. At trial, however, both claimed to live elsewhere, but to use their mother's address as their own mailing address. Joseph Hart testified that he smoked Kool cigarettes.
The three persons arrested but not charged included Luther Harvey, Mattie Johnson's son, and two friends of the family who lived in the neighborhood. At trial Luther Harvey testified that 2119 Pauger St. was his address, and that Carolyn and Joseph did not live there. Luther's address supplied for booking purposes was 4000 Florida Avenue. Luther claimed that the gun and the money were his. He also admitted to using "T's and Blues" (sets of talwin and pyribenzamine), and that his habit ran about one hundred ($100) dollars or ten sets a day, plus he had to have syringes which he testified he bought at Waterbury's. Luther displayed to the jury the needle marks in his arms.
After trial the jury found Mattie Johnson and Carolyn Harvey guilty as charged. Joseph Hart was found not guilty.

LAW
La.R.S. 40:964 classifies pentazocine as a Schedule II drug. La.R.S. 40:967 prohibits the possession of a controlled dangerous substance classified in Schedule II (unless such substance was obtained directly, or pursuant to a valid prescription ...), and makes that crime a more serious violation when the possession is with intent to distribute. Further, La.R.S. 40:967 particularizes violations involving pentazocine.
To convict defendant the prosecution must prove beyond a reasonable doubt that defendant possessed the drug with the intent to distribute the drug. The prosecution is not required to prove actual possession, but needs only to show that the defendant exercised dominion or control over the illegal substance. State v. Walker, 369 So.2d 1345 (La.1979). "With intent to distribute" requires the prosecution to prove defendant's subjective specific intention of possession in order to distribute. State v. Elzie, 343 So.2d 712 (La.1977). Intent to distribute illegal drugs may be established by proving circumstances surrounding defendant's possession which give rise to reasonable inferences of intent to distribute. State v. Ramoin, 410 So.2d 1010 (La.1982).
On appeal we review for sufficiency of evidence by viewing the evidence in the light most favorable to the prosecution and determining whether any rational trier of *708 fact could have found each essential element of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Harveston, 389 So.2d 63 (La.1980).

SUFFICIENCY OF THE EVIDENCE
Viewing the evidence in the light most favorable to the prosecution, we find the following facts to have been proved:
(1) The police received information that "Mattie" was selling "sets" out of 2119 Pauger Street.
(2) Surveillance allowed police to observe three visitors apparently engage in drug transactions with someone inside of 2119 Pauger Street.
(3) The officers could not clearly see or otherwise identify the person inside the house who was involved in the transactions, other than to say that it was a "big" person. The officers could not determine whether the person was male or female.
(4) Execution of a search warrant resulted in the seizure from the house of a gun, two individual talwin tablets, ten (10) "sets", ten syringes and $186.00 in currency.
(5) The "sets" found were packaged for distribution. Distribution normally occurs in "sets" and occasionally a syringe will be sold with a set.
(6) Defendant was present at the time of the search and seizure of the above items, but defendant was not in actual possession of any contraband. She was in the living room of the house when the police entered, and remained there throughout the search.
(7) The drugs were not found in the living room. They were found in the bedroom and the kitchen.
(8) When booked defendant gave 2119 Pauger Street as her address.
Reasonable inferences drawn from these facts may lead to the following reasonable conclusions:
(1) Somebody at 2119 Pauger St. was selling "sets".
(2) The "sets" found belong to someone, most likely the owner of the Kool cigarette pack or the occupant of the bedroom where they were found.
(3) Ten "sets" is enough to distribute, but is not an amount inconsistent with personal use.
(4) Defendant may live at 2119 Pauger St.
(5) Defendant may have been aware of the presence of the drugs and may have been aware of any distribution activities.
The mere presence of someone in the area where the controlled dangerous substance is found, or mere association with a person found to be in possession of the contraband, is insufficient to constitute constructive possession. State v. Walker, supra. In State v. Johnson, 404 So.2d 239 (La.1981) the Louisiana Supreme Court stated:
Proximity to a drug or association with a possessor may establish a prima facie case of drug possession when colored by other evidence. United States v. Staten, 581 F.2d 878 (D.C.Cir.1978). However, mere association or proximity, without more, is insufficient. Arellanes v. United States, 302 F.2d 603 (9th Cir.1962); State v. Cann, 319 So.2d 396 (La., 1975). Dominion over the illegal substance must be proven. State v. Walker, 369 So.2d 1345 (La., 1979).
404 So.2d at 245.
Carolyn Harvey was in the house when it was searched and the drugs were discovered. She may live there. There is no evidence, however, that she exercised dominion or control over the drugs. No rational trier of fact could have found this essential element of the crime to have been proved beyond a reasonable doubt. Without proving this essential element the State cannot establish that Carolyn Harvey possessed talwin with the intent to distribute. We must reverse her conviction.
Because the reversal is based on the failure of the evidence to prove an essential element of the crime charged and of any lesser included offense of which defendant *709 could have been found guilty, the double jeopardy clause of the Fifth Amendment to the U.S. Constitution bars a second trial of defendant and she must be discharged, Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Fontana, 396 So.2d 1251 (La.1981), and a judgment of acquittal is entered. State v. Walker, supra; State v. Liggett, 363 So.2d 1184 (La. 1978).
REVERSED.