489 So.2d 994 (1986)
STATE of Louisiana
v.
Rebecca JORDAN.
No. 85 KA 1190.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*995 Lewis V. Murray, Asst. Dist. Atty., Franklinton, for plaintiff-appellee State of Louisiana.
Frank Sloan, Office of Indigent Defender, Covington, for defendant-appellant Rebecca Jordan.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
Rebecca Jordan was charged by bill of information with possession of pentazocine (Talwin), a violation of LSA-R.S. 40:967 C. Prior to trial, the state amended the bill to charge possession of pentazocine with intent to distribute, a violation of LSA-R.S. 40:967 A and B. Defendant plead not guilty and, after trial by jury, was found guilty as charged. She was sentenced to serve ten years at hard labor, without benefit of probation, parole or suspension of sentence. She has appealed, urging three assignments of error, as follows:
1. There is an insufficient factual basis upon which a rational trier of fact could find guilt beyond a reasonable doubt;
2. The sentence is excessive; and,
3. Because of error patent on the face of the record, the conviction must be reversed.
Defendant's second assignment of error, urging the court imposed an excessive sentence, was not briefed on appeal and is, therefore, considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
Defendant sets forth an "assignment of error" in which she urges the verdict should be reversed because of error patent on the face of the record, but has failed to *996 substantiate this allegation. We have reviewed the record and find two patent errors discussed below. The record does not reflect that substantial rights of the accused were affected by these omissions. Therefore, we find they do not constitute reversible error. LSA-C.Cr.P. art. 921.
Defendant also briefed four additional arguments. These allegations were not assigned as error and do not constitute error patent on the face of the record. Accordingly, they are not properly before this court for review. See LSA-C.Cr.P. arts. 844, 920; State v. Spell, 399 So.2d 551 (La.1981).

FACTS
Defendant was arrested after a search of the Disco Lounge in Bogalusa, Louisiana, during which twenty-one tablets containing pentazocine were discovered. Officer Vanessa Quillen was the first of the officers to enter the lounge.[1] She approached defendant, who was behind the bar, and advised her that other officers were outdoors and had a warrant authorizing a search of the premises. Quillen testified she saw defendant take a small white plastic bottle from her pocket and throw it into a large trash container under the bar. As the other officers entered the lounge, Quillen directed them to the trash container. She then accompanied defendant into the ladies' restroom and conducted a personal search of defendant. As they returned to the bar area, Officer Glenn McLendon retrieved a small white plastic bottle containing twenty-one yellow tablets and twenty-seven blue tablets approximately four inches from the top of the trash container. The contents of the bottle were sent to the state police crime laboratory for analysis, which revealed that the yellow tablets contained pentazocine. The blue tablets were found to be free of controlled dangerous substances.

SUFFICIENCY OF EVIDENCE
Defendant argues the evidence was insufficient to support the inference that she possessed pentazocine with the intent to distribute.
The proper procedural vehicle for raising the issue of the sufficiency of the evidence is by motion for a post-verdict judgment of acquittal. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983). Defendant filed a motion for new trial, apparently urging the insufficiency of the evidence. Although a hearing was held on this issue, the written motion was not made a part of the record. The record does contain an assignment of error which alleges the evidence was insufficient. Therefore, this court will review the sufficiency of the evidence even though it was not properly raised. In doing so, we will consider the evidence as though a motion for post verdict judgment of acquittal had been filed.
In order to support a conviction, the state must prove beyond a reasonable doubt that defendant possessed the drug with the intent to distribute it. The state is not required to prove actual possession, but needs only to show the defendant exercised dominion or control over the illegal substance. State v. Walker, 369 So.2d 1345 (La.1979). In order to prove the element of intent to distribute, the state must prove defendant's subjective specific intent to possess in order to distribute. State v. Elzie, 343 So.2d 712 (La.1977).
The intent to distribute may be inferred from the surrounding circumstances. The trier of fact may look to how the substance was packaged, the quantity of *997 the substance seized and the presence of scales or other paraphernalia for drug use or packaging. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.), writ denied, 450 So.2d 644 (La.1984). Testimony of the street value and dosage units of the narcotic is also relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La. 1976); State v. Staton, 433 So.2d 222 (La. App. 1st Cir.), writ denied, 438 So.2d 1112 (La.1983). Evidence of other sales by the defendant has been considered circumstantial evidence of intent to distribute. State v. Medlock, 297 So.2d 190 (La.1974); State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.), writ denied, 461 So.2d 313 (La.1984). The fact that the defendant is otherwise unemployed is also relevant to the issue of intent. State v. McGuffey, 301 So.2d 582 (La.1974). Finally, the presence of large sums of cash has been considered as circumstantial evidence of intent. State v. Williams, supra.
In the instant case, the state has shown only that defendant was in possession of twenty-one tablets of pentazocine. The state offered no evidence that defendant ever distributed or attempted to distribute pentazocine. Although the evidence indicates the blue tablets recovered with the pentazocine may have been pyribenzamine, the state did not prove the tablets were packaged in "sets," (the normal method of distribution in the illicit wholesale market). See, e.g., State v. Harvey, 463 So.2d 706 (La.App. 4th Cir.1985); State v. Howard, 449 So.2d 69 (La.App. 4th Cir. 1984). The tablets found were sufficient to make twenty-one sets, an amount sufficient to distribute. See, e.g., State v. Harvey, supra. However, the state presented no evidence to establish that the amount was sufficient to create a presumption of intent to distribute. Nor did the state offer expert or other testimony that such an amount is inconsistent with personal use only. No evidence of other paraphernalia necessary to market or package "T's and blues" for distribution to others was introduced. See State v. House, 325 So.2d 222 (La.1975). Finally, the state's evidence affirmatively established defendant was employed (allegedly as manager) by the Disco Lounge. Accordingly, we find the state has not proven all of the elements of the offense of possession with intent to distribute pentazocine beyond a reasonable doubt.
However, the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction on a lesser and included offense which is a legislatively authorized responsive verdict. LSA-C.Cr.P. art. 821 E; State v. Byrd, 385 So.2d 248 (La.1980). Viewing the evidence in the light most favorable to the prosecution, we find that all of the elements of the crime of possession of pentazocine have been proven beyond a reasonable doubt to the satisfaction of the trier of fact. The verdict of guilty of the greater offense of possession with intent to distribute pentazocine explicitly reflects the finding that the defendant possessed pentazocine. See State v. Byrd, supra. Possession of pentazocine is a legislatively authorized responsive verdict to a charge of possession of pentazocine with intent to distribute. LSA-C.Cr.P. art. 814 A (49).
The conviction of possession of pentazocine with intent to distribute is set aside, and the matter is remanded to the trial court with instructions to enter a judgment of guilty of possession of pentazocine and to sentence defendant accordingly.

PATENT ERRORS
The transcript of the hearing on the motion to suppress indicates that the bill of information was amended to charge defendant with the possession of pentazocine with intent to distribute and that, at that time, her counsel entered a plea of not guilty to the amended bill. The transcript does not indicate that defendant was present. However, no objection was raised as to the absence of defendant at rearraignment. Hence, we find defendant's presence was waived. LSA-C.Cr.P. art. 832.
*998 The transcript further indicates the state intended to amend the bill to charge defendant with possession with intent to distribute. To that end, the words "with intent to distribute" were added to the bill of information. However, the state also changed the statutory designation from LSA-R.S. 40:967 C to LSA-R.S. 40:967 A and B. The transcript of the proceedings clearly illustrates the state intended to charge possession with intent to distribute. Error in the [statutory] citation shall not be grounds for dismissal of an indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. LSA-C.Cr.P. art. 464. At no time did defendant express any doubt as to the nature of the charge, nor object to the format of the information. We find defendant was not misled by the erroneous statutory citation.
For the above reasons, defendant's conviction and sentence are set aside, and the cause is remanded to the district court with instructions to enter a judgment of guilty of possession of pentazocine and to sentence defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE, REMANDED TO ENTER JUDGMENT OF GUILTY AND SENTENCING.
NOTES
[1] The search was executed under authority of a warrant for the search of the lounge which was obtained as the result of information furnished by a confidential informant that defendant was selling Talwin and pyribenzamine (T's and blues) from that location. The application for a search warrant is included in the state's evidence package; however, it was not introduced into evidence and is therefore not properly before this court. Although the informant's tip could be considered circumstantial evidence of intent to distribute if it had been admitted, we are limited to the evidence adduced at trial. See State v. Harvey, 463 So.2d 706 (La.App. 4th Cir.1985).