498 So.2d 240 (1986)
STATE of Louisiana
v.
Ricky Jerome HILLS.
No. KA 86 0329.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Writ Denied March 13, 1987.
*241 Bryan Bush, Dist. Atty., Baton Rouge by Glen Lorio, Asst. Dist. Atty., for plaintiff-appellee.
Nathan Fisher (for appeal), Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, Ricky Jerome Hills, was charged by a bill of information with possession of pentazocine with intent to distribute, in violation of LSA R.S. 40:967. Defendant entered a plea of not guilty and was originally tried by a jury of twelve (12) persons on December 10-12, 1984. The jury was unable to render a verdict; therefore, a mistrial was declared. Defendant was retried on July 8-9, 1985, before a twelve (12) member jury and was found guilty by a unanimous vote. On November 19, 1985, the defendant was sentenced to serve four (4) years with the Department of Corrections without benefit of probation, parole or suspension of sentence. Defendant appeals, urging twelve (12) assignments of error of which only four (4) have been briefed. Assignments of error which have not been briefed are considered abandoned and are not considered by us on appeal. Uniform Rules, Court of Appeal, Rule 2-12.4. State v. Dewey, 408 So.2d 1255, 1256 n. 1 (La.1982); State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983) writ denied, 437 So.2d 1141 (La.1983).
FACTS:
On June 25, 1984, Detectives William D. Denicola and Dennis R. Kelly of the Baton Rouge City Police Department received information from a confidential informant. On the basis of this information, the detectives left the police department in plain *242 clothes and drove to an area near the intersection of 39th and Cain streets in Denicola's unmarked police car.
The officers approached the area from the north on 39th Street, with the headlights of their police car turned off and brought the car to a stop about one hundred yards from the intersection of 39th Street and Cain Street. From that location, two black men, the defendant, Ricky Jerome Hills and Norbert Thomas, were observed standing in a parking lot on the north side of Cain Street. The officers observed the men facing each other and talking using "hand movements." Denicola testified that upon observing the foregoing, he suspected that the two men were conducting a drug transaction. Both officers testified at trial that during this surveillance, they thought they saw one of the black men handling some cash.
On the basis of the foregoing observations, Detective Denicola turned on the headlights to his police car and approached the two individuals at a fairly fast rate of speed. At that time, the two individuals both turned toward the police car, apparently recognizing the officers, and in response immediately turned around and started walking in opposite directions. The officers testified that they observed the defendant throw something to the ground in front of him. Detectives Denicola and Kelly exited their vehicle and apprehended the two men. When both men were in custody, Detective Denicola searched the area where he observed the defendant throw something down. Denicola found six yellow and six blue pills, a matchbook and a plastic bag of suspected marijuana. Since Norbert Thomas was not seen handling any drugs, he was questioned briefly and released. The defendant, Ricky Jerome Hills, was placed under arrest and advised of his constitutional rights.
The detectives turned in the drugs which were found near the defendant so that a scientific analysis of the drugs could be conducted. Jerry Harrison, a forensic scientist with the Louisiana State Police Crime Laboratory found that the yellow pills contained pentazocine, a controlled dangerous substance under Louisiana law.
Defendant was later charged, tried and convicted. He now presents four (4) of twelve (12) assignments of error for our consideration on appeal.
Assignments of Error # 2 and # 5:
By these assignments, defendant contends that the trial court erred in admitting statements by Detectives Denicola and Kelly as to their prior knowledge of the defendant. Defendant argues that this testimony is irrelevant and highly prejudicial because the defendant's identity was not at issue. After argument by counsel, the trial court ruled that the testimony was relevant in that identification is an essential element of every offense and must be proven beyond a reasonable doubt.
To be admissible, evidence must be relevant to a material issue. LSA R.S. 15:435. Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negate the commission and intent. LSA R.S. 15:441.
The trial court has great discretion in determining the relevancy of evidence, and its determination will not be overturned absent a clear abuse of discretion. State v. Gasery, 449 So.2d 618 (La.App. 1st Cir.) cert. denied, 456 So.2d 170 (La.1984).
"Relevant evidence may be excluded, however, if it would unduly arouse jury prejudice or hostility, create a collateral issue that would distract the jury, delay the trial, or cause unfair surprise." State v. Brown, 395 So.2d 1301, 1309 (La. 1981)
The purpose of the testimony in question was to convince the jury that the detectives correctly identified the defendant, Ricky Jerome Hills, as one of the two men talking at the parking lot based upon their prior knowledge of him. We cannot say that the trial judge's decision in refusing to exclude the testimony by the detectives, after presumably conducting the crucial balancing test of probative value versus prejudicial effect, was a clear abuse of his discretion in admitting or excluding the testimony.
*243 These assignments of error are without merit.
Assignment of Error # 12:
By means of this assignment, defendant asserts that the evidence was insufficient to prove each element of possession with intent to distribute pentazocine. Defendant argues that the State failed to present evidence to show beyond a reasonable doubt that (1) he possessed the drugs and/or (2) that he possessed the drugs with the intent to distribute them.
The proper method to raise the issue of insufficient evidence is by motion for post verdict judgment of acquittal pursuant to LSA C.Cr.P. art. 821. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). The record does not indicate defendant made such a motion, but it does contain an assignment of error which alleges that the evidence was not sufficient. Therefore, this Court will review the sufficiency of the evidence even though it was not properly raised. In doing so, we will consider the evidence as though a motion for post verdict judgment of acquittal had been filed.
The standard of review for the sufficiency of the evidence to support a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved beyond a reasonable doubt the essential elements of the crime and the defendants identity as perpetrator of that crime. LSA C.Cr.P. art 821; State v. Moore, 477 So.2d 1231, 1233 (La.App. 1st Cir.1985), writs denied, 480 So.2d 739 and 741 (La.1986).
In order to support a conviction, the State must prove beyond a reasonable doubt that the defendant (1) possessed the drug, and (2) had the specific intent to distribute it.
The State is not required to prove actual possession, but needs only to show that the defendant exercised dominion or control over the illegal substance. State v. Walker, 369 So.2d 1345 (La.1979). In this case, this Court is convinced that all the elements of the crime of possession of pentazocine have been proven beyond a reasonable doubt. The trial court heard the testimony of Detectives Denicola and Kelly which established that they saw the defendant reach in his pocket with his left hand and throw something on the ground in front of him. After apprehending the defendant, Detective Denicola testified that he searched the area around where he saw the defendant throw the objects and found six yellow and six blue pills along with a matchbox and a bag of suspected marijuana. This evidence is sufficient to prove beyond a reasonable doubt that the defendant had possession of the drugs in that he exercised dominion or control over them.
In order to prove the element of intent to distribute, the State must prove the defendant's specific subjective intent to possess in order to distribute. State v. Elzie, 343 So.2d 712 (La.1977). The intent to distribute may be inferred from the surrounding circumstances. The trier of fact may look to how the substance was packaged, the quantity of the substance seized and the presence of scales or other paraphernalia for drug use or packaging. State v. Trahan, 425 So.2d 1222 (La.1983). Evidence of other sales by the defendant has been considered circumstantial evidence of intent to distribute. State v. Medlock, 297 So.2d 190 (La.1974). Finally, the presence of large sums of cash has been considered circumstantial evidence of intent. State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.) cert. denied 461 So.2d 314 (La.1984).
In the instant case, the State has proven only that the defendant was in possession of six tablets of pentazocine. The State offered no testimony that the defendant distributed or attempted to distribute pentazocine. According to the testimony of Detective Denicola, he observed the two males talking to each other using hand movements. Denicola testified that in his mind, from working with these types of cases, he felt like at that time it was an exchange of something that he believed to be narcotics at that time. However, Detective *244 Kelly testified that the other individual talking to the defendant was not arrested because he was not seen touching the pills; therefore, no "exchange" was actually observed.
The State offered no testimony that the amount of drugs recovered (six pentazocine pills) was inconsistent with personal consumption. In State v. Harvey, 463 So.2d 706 (La.App. 4th Cir.1985), the Court found that ten (10) sets of pentazocine were enough to distribute but not an amount inconsistent with personal use. In addition, the detectives stated that generally the tablets were packaged individually in sets so that one yellow and one blue pill would be wrapped together in plastic or tinfoil. Mr. Jerry Harrison, a forensic scientist with the Louisiana State Police Crime Laboratory, testified that when he opened the matchbox the pills were loose and not individually wrapped as a set in plastic or tinfoil as they are normally done when being sold.
The State also failed to show other drug paraphernalia, such as syringes, were present that are normally sold with a set of pentazocine. The defense affirmatively showed through the testimony of the defendant that he was employed at Bojangles making approximately one hundred fifty ($150.00) dollars per week as a biscuit maker.
For these reasons, we find that the evidence presented by the State was insufficient to prove beyond reasonable doubt all of the elements of the offense of possession with the intent to distribute pentazocine.
However, the discharge of the defendant is neither necessary nor proper when the evidence supports a conviction on a lesser and included offense which is a legislatively authorized responsive verdict. LSA-C.Cr.P. art. 821 (E); State v. Byrd, 385 So.2d 248 (La.1980); State v. Jordan, 489 So.2d 994 (La.App. 1st Cir.1986). Viewing the evidence in the light most favorable to the prosecution, we find that all of the elements of the crime of possession of pentazocine have been proven beyond a reasonable doubt. The verdict of guilty to the greater offense of possession with intent to distribute pentazocine explicitly reflects the finding that the defendant possessed pentazocine. See State v. Byrd, supra. Possession of pentazocine is a legislatively authorized responsive verdict to a charge of possession of pentazocine with the intent to distribute. LSA C.Cr.P. art. 814 A(49)
The conviction of possession of pentazocine with intent to distribute is set aside, and the matter is remanded to the trial court with instructions to enter a judgment of guilty of possession of pentazocine and to sentence the defendant accordingly.
Assignment of Error # 11:
Assignment of Error # 11 relating to the excessiveness of the sentence is moot in view of this Court's setting aside the defendant's conviction and sentence with respect to intent to distribute; therefore, it will not be addressed.
CONVICTION AND SENTENCE SET ASIDE, REMANDED TO ENTER JUDGMENT OF GUILTY AND FOR SENTENCING.