HERBERT A. CADE, Judge Pro Tem.,
concurring in part and dissenting in part.
I agree the search warrant issued on probable cause and was otherwise valid. I agree as well that Quan’s conviction should be affirmed but that he must be resen-tenced for the reasons stated by the majority. With deference, I cannot agree that either knowledge or dominion and control— each essential to a conviction for constructive possession — is established on this record as to Parsons, Madison or Wells.
Only the arresting officers and Sutliff testified for the State. Only the latter testified as to the defendants’ activities and the circumstances leading up to the arrest. He testified the suitcase was present at the house from about 5:30 in the evening when he and Quan returned with it from the bus depot until the arrests were made about two hours later. He testified he was not told by Quan of the contents of the suitcase, and did not recognize the peyote for what it was when the suitcase was opened on request of the station clerk. He testified that when he and Quan returned to the house Quan took the suitcase directly to the back room, saying nothing of its contents to Wells. He stated that to his knowledge Wells could not have known what the suitcase contained.
By Sutliff’s estimate Parsons and Madison arrived home an hour and a half later, just half an hour before the police arrived. Sutliff testified that each washed up immediately on arriving, that Madison then joined the others in the front of the house and that Parsons went outside. Madison first went to the back room to answer the telephone. The police found Madison still talking on the telephone and Parsons still outside. Sutliff testified that Quan did not *847 mention the peyote either to Madison or to Wells, and that to his knowledge there was no connection between the suitcase and these defendants.
To infer knowledge on these facts is to infer knowledge from these defendants’ association with Quan or from their proximity to the suitcase. The photograph, which neither arresting officer remembered finding, is of no probative value. The whiskey bottle containing mescaline was discovered by the police in a room where no one but Quan had been. One officer testified that Madison did not deny living in the apartment until his statement was taken at the police station. In any event, this claim was not made until after the arrest, by which time Madison undoubtedly knew of the peyote, and is simply not indicative of “guilty foreknowledge”. As I understand our law, see State v. Walker, 369 So.2d 1345, 1346 (La.1979), something more is required.
Likewise, to find that a host has dominion and control over the contents of an overnight houseguest’s suitcase should require proof of something more than “full access” to all rooms in a house. See State v. Johnson, 404 So.2d 239 (La.1981); State v. Cann, 319 So.2d 396 (La.1975). No more was it shown in this case that Parsons, Madison or Wells exercised dominion and control over Quan’s peyote than it was shown they had dominion and control over his shaving kit or his change of clothes. In my view the convictions of Parsons, Madison and Wells are not supported by the evidence and ought to be reversed.
HERBERT A. CADE, Judge Pro Tern.