553 So.2d 909 (1989)
STATE of Louisiana
v.
Wayne BALLOM.
No. 88-KA-1724.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
Writ Denied February 23, 1990.
Harry F. Connick, Dist. Atty., Brian Treacy, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Wayne Ballom.
Before GARRISON, KLEES and BECKER, JJ.
KLEES, Judge.
Defendant Wayne Ballom was charged by bill of information with possession with intent to distribute marijuana, a violation of R.S. 40:966 and on the day of trial, the bill was amended to charge the defendant with distribution of marijuana, also a violation of R.S. 40:966. After trial, the jury found him guilty as charged and was later sentenced to five years at hard labor. He was later adjudicated a second felony offender and the original sentence was vacated and the defendant was sentenced as a second offender to five years at hard labor.
On April 9, 1985, at approximately 11:45 a.m., Officers Farve and Fortunate, while patrolling the Calliope Project, an area known for its drug activity, observed the defendant and his friend, Joseph Dcquirsey, standing facing each other on the corner of Thalia and Dorgenois Streets. The officers were in an unmarked police car and were wearing street clothes. When they were within a few feet of these two men, they further observed them exchange objects. Dcquirsey passed money to Ballom from his left hand to Ballom's right hand. Then Ballom transferred an unknown object from his right hand to Dcquirsey's right hand. Suspecting that a drug sale had just occurred, the officers decided to investigate further. As they pulled up next to Ballom and Dcquirsey, Ballom and Dcquirsey began to walk away from each other.
The officers exited the car. Farve followed Dcquirsey. Dcquirsey walked down Dorgenois Street toward James Kelly, a known narcotics dealer. As he walked, he dropped an unlit, hand-rolled marijuana cigarette from his right hand to the ground.
*910 Farve picked up the cigarette and arrested Dcquirsey.
Ballom walked to the steps of 1408 S. Dorgenois Street and sat down. Fortunate approached him, identified himself and asked him to stand up. Ballom refused. Fortunate noticed that Ballom appeared to be hiding something behind his back. Fortunate forced Ballom to stand up. He then found a lit marijuana cigarette butt where Ballom had been sitting. Farve told Fortunate that Dcquirsey had just dropped a marijuana cigarette which they observed Ballom give to him. The Ballom was then placed under arrest and searched. In his pockets, $192.00 in small bills were found.
Ballom and Dcquirsey testified at trial that they had just finished smoking one marijuana cigarette (the one found on defendant) and were in the process of finding a light for a second one (the unlit one dropped by Dcquirsey) when the police drove up. They denied that a sale occurred.
Errors Patent
A review of the record for errors patent reveals none.
Assignment of Error
In his sole assignment of error defendant contends that there was insufficient evidence to support his conviction for distribution, as opposed to mere possession, of marijuana.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt to each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La. 1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
In this case, the officers observed Dcquirsey give Ballom money in return for an unknown object which Ballom placed in Dcquirsey's right hand. Immediately thereafter, Dcquirsey dropped the object in his right hand. This object was an unlit marijuana cigarette. These facts show that Ballom knowingly and intentionally distributed the marijuana to Dcquirsey. The jury heard Ballom and Dcquirsey testify that they were merely sharing a marijuana cigarette, and that Ballom had not sold one to Dcquirsey. The jury did not find these self-serving stories credible. Dcquirsey's credibility was impeached when under cross-examination by the state he admitted to only one previous conviction. Nontheless when confronted by the prosecutor he admitted to nine other prior convictions for various crimes, including attempted theft, robbery, purse snatching and simple battery. This Court is not free to challenge the jury's credibility determination under those circumstances.
Moreover, the cases cited by the defendant in support of his argument are inapposite. State v. Hills, 498 So.2d 240 (La.App. 4th Cir. 1986) includes a charge for possession with intent to distribute. The defendant was not charged with distribution; consequently, the case concerned whether the surrounding circumstances evidenced his intent to distribute. No exchange even occurred. In State v. Harvey, 463 So.2d 706 (La.App. 4th Cir.1985) the defendant as in Hills, was charged with possession with intent to distribute, not actual distribution. At issue was whether the defendant, who was present in the house in which drugs were found, had constructive possession of *911 the drugs. This case is similarly inapplicable to the facts presented here where the police witnessed the sale of a marijuana cigarette by Ballom.
This assignment of error is without merit.
Accordingly, the conviction and sentence appealed from is hereby affirmed.
AFFIRMED.