PER CURIAM.
| granted. The trial court’s judgment granting defendant’s motion to suppress is vacated and this case is remanded for further proceedings.
It appears from the transcript of the hearing on the motion that after lawfully stopping defendant’s vehicle for traffic infractions, and after the passenger threw a large wad of cash held in her hand into her pocketbook and then handed over an open container of alcohol from the cup holder in the center console, the police officer removed the passenger from the car and observed through the open door some marijuana gleanings on top of the center console. Large amounts of currency are associated with narcotics trafficking, State v. Hearold, 603 So.2d 731, 736 (La.1992); State v. Henry, 08-658, pp. 9-10 (La.App. 5 Cir. 10/27/09), 27 So.3d 935, 943, writ denied, 09-2485 (La.4/23/10), 34 So.3d 269; State v. Jordan, 489 So.2d 994, 997 (La.App. 1 Cir.1986), and the officer was aware from his experience in the field that “numerous times we’ve found marijuana and other drugs underneath the cup holders in similar vehicles.” In determining probable |2cause for a search, or “‘a fair probability that contraband or evidence of a crime will be found,’ ” State v. Thompson, 02-0333, p. 8 (La.4/9/03), 842 *1164 So.2d 330, 336 (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)), the police may “draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that ‘might well elude an untrained person,’ ” State v. Johnson, 01-2081, p. 3 (La.4/26/02), 815 So.2d 809, 811 (quoting United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2002) (internal quotation marks and citations omitted)). Given the totality of the circumstances, the officer’s observation of the marijuana gleanings on the center console gave him probable cause to conduct a warrantless search of the vehicle’s interior as broad as a magistrate could have authorized. See Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (“Our first cases establishing the automobile exception to the Fourth Amendment’s warrant requirement were based on the automobile’s ‘ready mobility,’ an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear.”); see also State v. Tatum, 466 So.2d 29, 31 (La.1985) (presence of exigent circumstances coupled with probable cause underpins “automobile exception” to warrant requirement, which allows police to “‘conduct a warrantless search of the [particular] vehicle as thoroughly as a magistrate could authorize’ ”) (quoting United States v. Ross, 456 U.S. 798, 800, 102 S.Ct. 2157, 2159, 72 L.Ed.2d 572 (1982)). The officer therefore lawfully retrieved the cocaine and handgun concealed under the center console after lifting out the cup holders and the trial court erred in concluding otherwise.