446 So.2d 829 (1984)
STATE of Louisiana, Appellee,
v.
Robert DUNN, Appellant.
No. 15905-KA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
John L. Sheehan, Ruston, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before PRICE, JASPER E. JONES, and FRED W. JONES, Jr., JJ.
PRICE, Judge.
Defendant has appealed his conviction and sentence for attempted possession of Phenmetrazine, a Schedule II drug. (LSA-R.S. 40:964, 967; R.S. 14:27) Defendant, Robert Dunn, and a co-defendant, Gloria Malcolm, were charged in a joint bill of information with possession of Phenmetrazine. The co-defendant, Malcolm, pled guilty to a lesser count of conspiracy to possess Phenmetrazine.
Defendant Dunn, after a jury trial, was found guilty of attempted possession of Phenmetrazine and was sentenced to two and one-half years at hard labor.
The issues presented as framed by the assignments of error and brief are whether there was sufficient evidence to support a conviction, and whether the sentence imposed was excessive.
We find the evidence insufficient to satisfy the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and for the reasons stated herein reverse the conviction.
On December 6, 1982, at 3:45 p.m. Ruston Police Officers Randall Hermies and Tommy C. Doss, made a search of the premises at 1106 Olla Street, Apartment *830 No. 2, in Ruston. The search was pursuant to a search warrant describing the location of the premises and declaring that the house was known to be occupied by Robert "Yakki" Dunn.
At the time of the search the only persons present at this address were Gloria Malcolm and her small child. The officers found and seized a small scorched glass vial; two syringes, an envelope with a small quantity of seeds (which were suspected to be marijuana), a plastic bottle cap with a wire attached, and a plastic band. The officers also seized an empty medicinal container labeled with a prescription for Benadryl in defendant Dunn's name.
Gloria Malcolm was arrested at the time of the search. Defendant Dunn was arrested at this same address at about 9:45 a.m. on December 8, 1982.
At trial the state presented the North Louisiana Criminalistic Laboratory report showing that the small glass vial and the plastic bottle cap seized under the search warrant each contained traces of Phenmetrazine. In an effort to prove that defendant knowingly possessed the controlled substance, the state offered the testimony of Officer Hermies who testified that at the time of his arrest defendant gave his place of residence as 1106 Olla, apartment number 2. As further corroborating evidence he offered the empty prescription bottle bearing defendant's name which was found at this address.
In support of his defense that he had no knowledge or control over the small trace of the controlled substance seized, defendant offered the testimony of his father, Jay Vance Dunn, and Gloria Malcolm. The gist of the testimony of Jay Vance Dunn was to the effect that defendant's actual residence was at his home located at 505 Ash Street in Ruston; that defendant kept all of his clothes and received his mail at that address; that he occasionally spent more than one day at a time away from home when he had available spending money.
Gloria Malcolm testified that the apartment at 1106 Olla Street was leased to her and that she alone paid the rent and lived there with her child; that defendant visited her frequently and often spent the night with her; that none of his clothing was kept at her apartment; that defendant had given her some money which she had used to pay utilities; that defendant had not been at the subject address the day or night before the search warrant was executed although he had spent the night with her preceding his arrest on the morning of December 8th.
Gloria Malcolm further testified that she had pled guilty to the conspiracy to possess charge following a plea bargain with the state; that the controlled substance had been used in her apartment by one or more persons who had attended a party there some time prior to the December 6 search; that defendant came by her home late on the occasion of one of the parties, but he had no connection with the use of the Phenmetrazine.
Defendant contends the foregoing evidence does not meet the due process standards required under Jackson v. Virginia, supra. Jackson holds that the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proved beyond a reasonable doubt.
To convict for the crime of possession of a controlled substance the state must present evidence showing the defendant exercised actual or constructive possession of the substance by having it under his control or dominion. State v. Alford, 323 So.2d 788 (La.1975). An attempt to commit the offense requires proof of an act or omission for the purpose of or tending directly toward the accomplishment of the offense. La.R.S. 14:27.
The state has attempted to prove defendant's guilt by showing he was in constructive possession in this instance. The rule of constructive possession is set forth in State v. Alford, supra, as follows:
Under our law, an individual need not personally possess a drug to violate a law against its illegal possession, because *831 constructive possession is sufficient. But for a person to constructively possess a drug it must be subject to his dominion and control, and he must have knowledge of its existence....
Further in State v. Walker, 369 So.2d 1345 (La.1979), the Supreme Court ruled:
... The prosecution is not required to prove actual possession, but needs only to show that the defendant exercised dominion or control over the illegal substance. State v. Edwards, 354 So.2d 1322 (La.1978); State v. Roach, 322 So.2d 222 (La.1975). However, the mere presence of someone in the area where the controlled dangerous substance is found, or mere association with the person found to be in possession of the contraband, is insufficient to constitute constructive possession. State v. Alford, 323 So.2d 788 (La.1975); State v. Cann, 319 So.2d 396 (La.1975).
There is no evidence in the instant case to show defendant was in control or had dominion of the vial or bottle cap containing the residue of Phenmetrazine or that he had actual knowledge of its existence.
At most the state's evidence shows he had a close personal relationship with Gloria Malcolm, the lessee of the apartment where the substance was found. Mere association with a possessor is not sufficient; nor is being a resident of premises where a drug is found in and of itself sufficient to prove constructive possession. State v. Alford, supra. Also see State v. Johnson, 404 So.2d 239 (La.1981) and State v. Trahan, 425 So.2d 1222 (La.1983).
Although defendant gave 1106 Olla as his residence when being booked, the evidence does not show he had a key or free access to these premises at all times. The state did not present any evidence to rebut the testimony of Gloria Malcolm that she was the sole lessee of the premises. No clothing or other personal items belonging to defendant were found in these premises at the time of the search with the exception of the empty Benadryl prescription bottle. The date on the prescription was more than a year prior to the date of the search.
There was no visible quantity of any drug found in the premises. There is no evidence showing defendant regularly occupied the bedroom in Malcolm's apartment in which these articles were found during the search. At the time of his arrest on December 8th he and Malcolm had been sleeping on a mattress on the floor of the living room.
Although Gloria Malcolm testified under cross-examination that defendant had come by her apartment late one night during a party when other persons were using the Phenmetrazine, she testified defendant did not participate in this activity. There is no evidence to show defendant had any actual knowledge the drug was being used on this occasion.
On the basis of the evidence presented, even when reviewed in the light most favorable to the prosecution, a rational juror could not conclude that the essential element of an attempt to have or share control or dominion over the drug by defendant was proved beyond a reasonable doubt. Therefore, we must reverse the conviction and sentence.
For the foregoing reasons, the conviction and sentence of Robert Dunn are reversed, and judgment of acquittal is entered.
REVERSED.