448 So.2d 1311 (1984)
STATE of Louisiana
v.
Herman J. TASKER.
STATE of Louisiana
v.
Marshall D. TASKER.
Nos. 83 KA 0950, 83 KA 0951.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 3, 1984.
*1313 Pamela T. Taylor of Johnson, Ritzie, Taylor & Thomas, Baton Rouge, for defendant.
Houston C. Gascon, III, Dist. Atty., Plaquemine, for the State of La.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Marshall Tasker and Herman Tasker were each found guilty of possession of marijuana with intent to distribute, a violation of La.R.S. 40:967 at that time, and possession of cocaine, a violation of the same statute. They were sentenced to the custody of the Department of Corrections for a period of five and seven years, respectively, on the first charge, and five years each on the second charge, the sentences to be served concurrently. The defendants appealed, asserting eight assignments of error.
We affirm.
ASSIGNMENT OF ERROR NO. 1
The defendants allege that the bills of information were fatally defective because there was no citation of the statutes the defendants were charged with violating.
La.C.Cr.P. Art. 464 requires the inclusion in an indictment or information of the official citation of the statute a defendant is alleged to have violated. However, the article further provides that "... error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction, if the error or omission did not mislead the defendant to his prejudice."
The defendants made no showing of having been misled to their prejudice. This assignment of error has no merit.
ASSIGNMENTS OF ERROR NOS. 2 AND 4
Initially, we note that there seems to be some confusion on the part of the State as to the subject of this assignment of error. Defense counsel did make an objection at trial to the admission of some of the seized evidence and was overruled. However, on appeal the defendants do not assert that ruling of the trial court as error; they argue instead that certain testimony pertaining to the evidence, which was not objected to at trial, was erroneously admitted into evidence.
The defendants assign as error the admission of certain testimony by Jane LeCour, a forensic chemist who testified for the State. As no contemporaneous objection to the witness's testimony was made by defense counsel, we cannot consider these assignments of error on appeal. La.C.Cr.P. Art. 841; State v. Marks, 337 So.2d 1177 (La.1976); State v. Finley, 341 So.2d 381 (La.1976).
We find no error.
ASSIGNMENT OF ERROR NO. 3
The defendants argue that their court-appointed attorney was so unprepared for trial and performed so ineffectively that their constitutional right to effective assistance of counsel was violated. Art. 1, § 13, La. Const.1974; U.S. Const. 6th Amendment.
In her brief, the defendants' counsel correctly notes that normally the issue of ineffective assistance of counsel is more properly raised by an application for post-conviction relief to district court so that a full evidentiary hearing may be conducted. State v. Seiss, 428 So.2d 444 (La.1983); State v. Brown, 384 So.2d 983 (La.1980); State v. Malveaux, 371 So.2d 820 (La.1979). However, defense counsel argues that this issue should be considered on appeal because the record discloses sufficient evidence to decide the issue. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Seiss, supra.
We do not agree that the record discloses sufficient evidence to support such a contention.
*1314 ASSIGNMENTS OF ERROR NOS. 5, 6 AND 7
Although defendants' counsel failed to file a motion for a new trial or a motion in arrest of judgment after the verdict was rendered, we shall consider the issue of sufficiency of the evidence. State v. Washington, 421 So.2d 887 (La.1982); State v. Coleman, 432 So.2d 323 (La.App. 1st Cir. 1983).
The defendants argue that the State failed to meet its burden of proof as to all the essential elements of the crimes charged, and that the convictions were based on insufficient evidence. Although both defendants raised this issue in the assignments of error, in both brief and oral argument, defendants' counsel limited the argument to Marshall Tasker. However, we will determine the issue as to both defendants.
In narcotics and drug offenses, possession may be established by a proof of the defendant's actual or constructive possession, State v. Baker, 338 So.2d 1372 (La.1976); State v. Marks, supra. In order for a person to constructively possess a drug, he must either own it or have "dominion or control" over it. State v. Marks, supra; State v. Mims, 330 So.2d 905 (La. 1976). The State must show that the defendant had guilty knowledge of the illegality of the drug. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Smith, 245 So.2d 327 (La.1971). The factfinder may draw reasonable inferences to support these conclusions based upon the evidence presented at trial. State v. Edwards, 354 So.2d 1322 (La.1978); La.R.S. 15:446.
The mere presence in the area where narcotics are discovered or mere association with the person who does control the drug or the area where it is located, is insufficient to support a finding of possession. State v. Alford, 323 So.2d 788 (La. 1975); State v. Roach, 322 So.2d 222 (La. 1975); State v. Cann, 319 So.2d 396 (La. 1975).
In Bujol v. Cain, 713 F.2d 112 (C.A. 5, 1983), the 5th Circuit listed several factors which can be considered in determining whether a defendant exercised the requisite "dominion and control". Factors to consider include: a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by drug users.
Herman Tasker was in actual possession of the marijuana; he was apprehended as he sought to escape while carrying a large garbage bag filled with the substance. Marshall, Herman's brother, admitted to smoking marijuana in the recent past, and also admitted he slept in his brother's trailer on occasion. While both brothers denied that Marshall Tasker lived with his brother, the State presented the testimony of Detective Grace, a resident of the same area where the Taskers lived, that to the best of his knowledge Marshall Tasker did in fact live with his brother, Herman. The defendants presented Bernard Anthony Brown, who characterized himself as extremely close to the defendants, who testified that Marshall lived with his mother and not Herman. However, the defendants' mother failed to testify on behalf of her son. Detective Grace also testified that during the search of the trailer, law enforcement officials discovered Marshall Tasker's wallet lying on a night stand next to a bed in the smaller of two bedrooms, and also found several school books (Marshall was a college student at the time) in the same bedroom. Herman Tasker admitted that Marshall slept at his trailer sometimes and had clothes there at the trailer. Marshall testified that he felt free enough with his brother's residence to bypass a locked door and enter the trailer when his brother was not there; that he felt responsible for the trailer and his brother's property when his *1315 brother was not there.[1] Based upon all of these facts, a rational trier of fact could infer that the marijuana was subject to Marshall Tasker's dominion and control.
The above facts, the admission of both defendants that they smoked marijuana, and the fact that upon the officers' approach, Herman Tasker fled the scene and Marshall Tasker attempted to block the officers' entrance into the trailer, a rational trier of fact could infer the requisite guilty knowledge by both parties.
The intent to distribute may also be inferred from the surrounding circumstances. The trier of fact may look to how the substance was packaged, the quantity of the substance seized and the presence of scales or other paraphernalia for drug use or packaging. State v. Trahan, 425 So.2d 1122 (La.1983). A sizeable quantity of marijuana was seized, large enough to be carried in a large garbage bag. Herman Tasker admitted to having purchased two pounds of the substance. Inside the garbage bag were two large clear plastic bags filled with the substance and fourteen smaller plastic bags also filled. Other items seized included a scale, an envelope filled with marijuana and covered on the outside with notations of people's names and next to them, figures of money; and a total of over $5,000.00 in cash.
A rational trier of fact could find beyond a reasonable doubt that both defendants had the requisite intent to distribute the marijuana.
Police found, in a chest drawer in the larger bedroom of the trailer, a small glass vial with cocaine residue and a small mirror, both enclosed in a small tote or tennis bag. Herman Tasker admitted using cocaine on prior occasions, but denied ever seeing the vial. A rational trier of fact could conclude that the evidence was sufficient to prove beyond a reasonable doubt that both defendants constructively possessed the cocaine.
ASSIGNMENT OF ERROR NO. 8
The defendants contend that the sentencing judge failed to comply with the requirements of C.Cr.P. art. 894.1, and that the sentences imposed were excessive. Although neither of the defendants objected at the time of sentencing that the trial court had not complied with 894.1, or that the sentences imposed were excessive, it has been held that this failing will not bar later review of either complaint. State v. Cupit, 408 So.2d 1108 (La.1981); State v. Smith, 389 So.2d 1262 (La.1980).
We have perused the record and find that the trial judge has carefully enumerated the relevant factors of C.Cr.P. art. 894.1. We find no error.
Defendants also complain of the excessiveness of the sentences.
The trial judge has wide discretion within statutory limits in sentencing. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, a sentence is excessive if it is grossly disproportionate to the crime or constitutes the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194 (La.1981).
The sentences on the charge of possession of marijuana with intent to distribute are well within the statutory limit. The court found there was undue risk that the defendants would commit another crime, that the defendants needed a custodial environment, that lesser sentences would deprecate the seriousness of the crimes, that both defendants had used marijuana and that at least one had stated he found nothing wrong in its use.
The court made the same statements on the charge of possession of cocaine.
The sentences are to be served concurrently.
Under these circumstances, we do not find the sentences to be excessive.
*1316 For these reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] In response to the State's question, "Do you feel that you are in control of the trailer when your brother is not there?", Marshall responded, "Yes."