Cyrillia YOUNG, Petitioner–Appellant,

v.

William H. GUSTE, Jr., Attorney General, State of Louisiana, Respondent–Appellee.

No. 87–3717.

United States Court of Appeals, Fifth Circuit.

July 21, 1988.

Lori R. Fregolle, John Wilson Reed, Glass & Reed, New Orleans, La., for petitioner-appellant.

R. Jeffery Bridger, William A. Marshall, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before CLARK, Chief Judge, RUBIN and JONES Circuit Judges.

CLARK, Chief Judge:

Cyrillia Young appeals the denial of habeas corpus relief claiming that her conviction for constructive possession of pentazocine was a denial of due process because it was not supported by substantial evidence. Because a rational finder of fact could not have found beyond a reasonable doubt that Young actually or constructively possessed the drug, we reverse the denial of habeas corpus relief.

## I.

Cyrillia Young and Derek Broadnax were arrested in New Orleans, Louisiana and jointly charged with possession with the intent to distribute pentazocine in violation of La.Rev.Stat.Ann. § 40:967 (West 1977). A jury convicted Broadnax of possession of pentazocine with the intent to distribute. Young was convicted of simple possession and sentenced to five years and a $4,958.00 fine. The facts leading up to Young's conviction were as follows:

Acting on the tip of a confidential informant that drugs were being sold, police obtained a warrant to search 2212 Ursulines Avenue in New Orleans. When they arrived, they were confronted with a heavy wooden door and an iron door at the entrance to the premises. To minimize the possibility of destruction of evidence and to protect the safety of the officers, they obtained a wrecker and pretended to tow a car from the front of the premises to entice the occupants outside. As expected, Broadnax emerged followed by Young, who stood on the porch just outside of the wooden door. When police moved in to execute the warrant, Young slammed and locked the wooden door. An officer kicked in the door and seven or eight officers moved in to search the premises.

Inside, they found a safe in the living room with $5,000.00 in cash and some papers including receipts addressed to Derek Broadnax at 2212 Ursulines and 3116 Dumaine and an automobile title in Broadnax's name at 3116 Dumaine.[1] In the bedroom, the officers found several pieces of jewelry on top of a dresser. Several more pieces of jewelry and watches were taken from Young and Broadnax personally. The jewelry included a necklace with a silver pendant marked "Cyrillie," a necklace with a gold pendant marked "Lady C," two gold bracelets, a chain with a silver

---

1. The transcripts do not clearly indicate whether the papers were found in the safe or in the bedroom. However, their location is immaterial to Young's habeas petition.

pendant, a gold pendant marked "Sadie," a gold pendant marked "Derek," a gold "1" on a jade and gold pendant, a group of rings and two watches. The only pieces positively identified as having been found in the bedroom were: three gold rope chains, an unidentified object, a gold pendant with a "C," a gold pendant marked "Sadie," a gold ring and a gold bracelet. *See State v. Broadnax,* 503 So.2d 511, 516 (La.App. 4th Cir.1986). In drawers of the dresser, the police found 199 matched sets of Talwin and Pyribenzamine, some marijuana cigarettes, scales, two handguns, and some ammunition. They saw some male clothing and aftershave in the bedroom, but didn't see any female personal effects other than the jewelry. On the basis of this evidence, the jury held that Young was in possession of pentazocine.

A Louisiana Court of Appeals upheld Young's conviction on the basis that Young's presence in the apartment when the warrant was executed, the presence of her jewelry on the dresser and her act of slamming the door when the police tried to enter (which the court construed as indicative of guilty knowledge) supported the jury's conclusion that she constructively possessed the pentazocine. *Broadnax, supra,* 503 So.2d at 515–16. Young filed a petition for writ of certiorari with the Louisiana Supreme Court which was denied with two justices dissenting. *State v. Young,* 508 So.2d 64 (La.1987). Having exhausted her state remedies as required for habeas relief, *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982), Young filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Louisiana alleging that the evidence was insufficient to sustain her conviction. Her petition was denied without hearing. Young filed a timely notice of appeal and a certificate of probable cause. We take jurisdiction under 28 U.S.C. § 2253 (1971) and reverse the denial of her petition.

## II.

■ Insufficiency of the evidence can support a claim for federal habeas corpus relief only where the evidence, viewed in the light most favorable to the prosecution, is such that no rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Marler v. Blackburn,* 777 F.2d 1007, 1011 (5th Cir. 1985); *Harris v. Blackburn,* 646 F.2d 904, 905 (5th Cir.1981). This court's consideration of the sufficiency of the evidence is limited to a review of the record evidence adduced at trial. *Tyler v. Phelps,* 643 F.2d 1095, 1102 (5th Cir.1981), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982). Because Young was convicted of a violation of state law, the substantive law of Louisiana defines the elements of the crime that must be proved. *Harris, supra,* 646 F.2d at 905 n. 2. Viewed in the light most favorable to the prosecution, the evidence in this case was not sufficient to convince a rational finder of fact that Young was in actual or constructive possession of the pentazocine.

Under Louisiana law, to convict for the possession of a controlled substance, the state must prove beyond a reasonable doubt that the defendant either actually possessed the substance or constructively possessed it. *Harris, supra,* 646 F.2d at 906; *State v. Alford,* 323 So.2d 788, 790 (La.1975). The defendant's knowledge of the presence of the drugs in premises where he is located is insufficient to sustain a conviction for constructive possession. *Harris, supra,* 646 F.2d at 906; *State v. Johnson,* 404 So.2d 239, 246 (La. 1981), *cert. denied sub nom. Kelly v. Louisiana,* 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). The presence of the defendant in the proximity of the drugs, or his association with the person found to be in possession, is also insufficient to prove constructive possession. *State v. Walker,* 369 So.2d 1345, 1346–47 (La.1979); *State v. Walker,* 514 So.2d 602, 604 (La.App. 4th Cir.1987).

Since Young did not have actual possession of the drugs, the issue narrows to whether she can be charged with constructive possession. To prove constructive possession, the State law required that the

proof show that the defendant exercised dominion and control over the drugs and must establish the defendant's guilty knowledge. *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir.1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984); *Walker, supra*, 514 So.2d at 604. Establishing dominion and control requires proof such as the defendant's recent use of the drugs, his ownership of the premises where the drugs are found or his frequent or continuous proximity to the drugs. *Bujol, supra*, 713 F.2d at 116; *Walker, supra*, 369 So.2d at 1346; *State v. Dunn*, 446 So.2d 829, 831 (La.App. 2d Cir.1984).

In *State v. Tasker*, 448 So.2d 1311 (La. App. 1st Cir.1984), the court stated that factors relevant to proving dominion and control were:

> "[t]he defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant, the defendant's physical proximity to the drugs, and any evidence that the particular area was frequented by drug users."

*Tasker*, 448 So.2d at 1314 (*citing Bujol, supra*, 713 F.2d at 115 n. 6).

■ Applying these factors, it is clear that Young did not have dominion or control over the pentazocine. The trial court inferred Young's knowledge of the presence of the drugs from her act of slamming the door when the police arrived. However, because knowledge alone is insufficient to prove constructive possession, this inference must be supplemented with additional evidence of dominion or control.[2] Such additional evidence is lacking here.

The papers found in the safe at 2212 Ursulines indicated that Broadnax was the permanent occupant of the premises. The fact that no papers or personal effects of Young's were found in the premises, other than jewelry bearing her name or initials, does not show that she was a permanent or even a frequent occupant or visitor. *See, e.g., Walker, supra*, 514 So.2d at 605 (evidence of an old lease to another house in defendant's name found in the master bedroom insufficient to show dominion or control over the premises); *Dunn, supra*, 446 So.2d at 831 (defendant who had a close personal relationship with the lessee of an apartment but who did not have a key or free access to the premises and did not keep his personal belongings there did not exercise dominion or control over contents of the apartment).

■ The presence of Young's jewelry on the dresser arguably demonstrates that she had access to the general area where the drugs were kept. However, the fact that her jewelry was on top of the dresser does not support an inference that she had access to the contents of the dresser. *See, e.g., State v. Harvey*, 463 So.2d 706, 708 (La.App. 4th Cir.1985) (defendant's conviction for constructive possession of drugs found in cigarette packet overturned where evidence did not show that defendant owned the cigarette packet or occupied the room where it was found).

Furthermore, no evidence suggested that Young used or owned the pentazocine. Young was standing on the porch far away from the bedroom where the drugs were seized. No witnesses testified that she appeared to have recently ingested pentazocine. No drug paraphernalia consistent with recent drug use was found at 2212 Ursulines. *See, e.g., Harris, supra*, 646 F.2d at 906 (passenger in car who had injected heroin within the past five hours could not be convicted of constructive possession of heroin in plain view on the console of the car where no drug paraphernalia linked the defendant's recent use with that heroin). *Cf. Bujol, supra*, 713 F.2d at 117 (defendant's conviction of constructive

---

2. The confidential informant upon whose tip the search warrant was issued stated that he had "purchased two 'sets' from one Cyrillia at 2212 Ursulines where she was living with her new boyfriend, Jerry.... Officer Austin on two previous occasions had obtained and executed search warrants at these premises and both

times had arrested Cyrillia Valmore." *Broadnax, supra*, 503 So.2d at 513. However, this evidence was not introduced at Young's trial. It cannot be considered in determining the sufficiency of the evidence that Young constructively possessed the pentazocine.

possession of heroin upheld where fresh track marks on his arm, a used syringe in his pocket, and a damp heroin cooker in the kitchen indicated recent use of that heroin). Finally, no testimony suggested that 2212 Ursulines was frequented by drug users.

Under the *Tasker* factors and the other Louisiana constructive possession cases, the evidence that Young had been in Broadnax's bedroom where the drugs were found and the inference that she blocked the officers' access to the house because she knew the drugs were inside are insufficient to support the jury's finding that she exercised dominion or control over the drugs. The evidence in this record falls far short of that presented in many Louisiana constructive possession cases which have been overturned by that state's courts for insufficient evidence. Given the dearth of evidence that Young exercised dominion or control over 2212 Ursulines or over the pentazocine, we conclude that a rational trier of fact could not have found that she constructively possessed the drug.

### III.

For the foregoing reasons we reverse the denial of habeas corpus relief and direct the district court to grant the writ.

REVERSED with Directions.