557 So.2d 977 (1990)
STATE of Louisiana
v.
Raymond MORGAN.
No. KA 9237.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
*978 Harry F. Connick, Dist. Atty., and Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff.
Joseph F. Lahatte, Jr., and Cecelia Abadie, New Orleans, for defendant.
Before BYRNES, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
The defendant, Raymond Morgan, was charged by bill of information with possession of 28 or more grams of cocaine but less than 200 grams, a violation of R.S. 40:967 and with possession of marijuana with intent to distribute. After a trial, a twelve member jury found him guilty as charged. He was sentenced to serve fifteen years at hard labor for the violation of R.S. 40:967; and ten years hard labor for the violation of R.S. 40:966, sentences to run concurrently. The Trial Court corrected the previously imposed sentence because the sentences for violation of R.S. 40:967 did not impose the minimum fine. Accordingly, the court imposed a $50,000 fine in addition to the previously imposed sentences. It is from these convictions and sentences that the defendant has appealed.
On December 4, 1986, Police Officer Greg Noble was checking brake tags on automobiles passing on the 1800 block of St. Charles Avenue. At about 11:30 p.m. he pulled over a vehicle that had no brake tag on the windshield. The driver of the vehicle, Darryl Howard, quickly exited and ran around to the rear of his car and displayed his driver's license. Officer Noble asked Howard to wait in the car with his passenger, defendant, while the traffic citation was being prepared. When the officer approached the driver's side he noticed an open can of beer on the seat between the two suspects. Both men claimed ownership. Howard admitted to drinking and smelled of alcohol. He was asked to recite the alphabet but failed three times to do so. *979 Howard was then placed under arrest, asked to get out of the car and to place his hands on the trunk. As the officer was patting him down a white rock, believed by Officer Noble to be cocaine, fell from his sock. The officer then noticed the passenger looking from right to left and bending down in the car. He appeared to be stuffing objects under the front seat. Officer Noble called for back-up because he feared that defendant might have a gun. There was a novelty sign in the back window that said "Property protected by .357 Magnum."
Defendant refused to get out of the car and had to be forcibly removed. An assisting officer checked the passenger area for weapons and retrieved a small handgun, two bags of cocaine and a small amount of marijuana from beneath the seat. Defendant was placed under arrest. He had in his possession a police-type hand-held radio, a beeper, and a purse containing $35.00 and a few address books. The officers also spotted a boxed VCR and stereo in the rear seat. Both suspects denied knowing that the equipment was in the rear seat. Both denied owning the car. Both denied knowing who owned the car.
Officer Noble attempted to run a make on the car but was unsuccessful due to the VIN computer being down. As there were no tow trucks available at that hour of the night, the officers secured the vehicle and conducted an inventory search. A .38 caliber pistol was found under the rear passenger floor mat. Several bags of cocaine weighing more than 80 grams and a large quantity of marijuana (423 grams) were found in the trunk.
Darryl Howard pled guilty to possession of cocaine and testified for the State. He stated that the drugs in the trunk were not his and that the defendant had requested Mr. Howard to drive him home as the defendant had been drinking. Howard stated that he procured the keys from the owner of vehicle, Ms. Delores Baltimore. Ms. Baltimore testified that both Darryl Howard and the defendant had permission to use the car. The defendant and Ms. Baltimore had a personal relationship which resulted in the defendant's fathering a child with Ms. Baltimore. Ms. Baltimore stated that she had left the car in front of her house that evening and the car was there the following morning. She stated that she spoke with Darryl Howard and the defendant at her house the night that they were arrested about 8:00 p.m. After a trial by jury defendant was found guilty as charged on all counts. The court denied a defense Motion for Judgment Notwithstanding the Verdict and Motion for New Trial and sentenced defendant to 15 years at hard labor on the cocaine charge, a violation of La.R.S. 40:967, and 10 years on the marijuana charge, a violation of La.R.S. 40:966; sentences to run concurrently. The sentence on the cocaine charge was later amended to include a $50,000.00 fine in compliance with La.R.S. 40:967(F)(1).
On appeal, defendant argues that the trial court erred in not granting judgment to the defendant notwithstanding the verdict because the state did not prove beyond a reasonable doubt that defendant had constructive possession of the vehicle in which the illegal drugs were found or that defendant had knowledge of or control or dominion over the illegal drugs found in the trunk of the car.[1]
Under Louisiana law, to convict a defendant for possession of controlled substances, the State must prove beyond a reasonable doubt that the defendant either actually possessed the substance or constructively possessed it. State v. Kingsmill, 514 So.2d 599 (La.App. 4th Cir. 1987). Since defendant did not have actual possession of the drugs, the issue now is whether the evidence is sufficient under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to prove that the defendant had constructive possession of the contraband found in the vehicle's trunk.
Additionally, the defendant's knowledge of the presence of the drugs in premises where he is located is insufficient to sustain a conviction for possession. Young *980 v. Guste, 849 F.2d 970 (5th Circuit 1988). Likewise, the presence of the defendant in the proximity of the drugs or his association with the person found to be in possession is also insufficient to prove constructive possession. State v. Trahan, 425 So.2d 1222 (La.1983). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substances are subject to his dominion and control. State v. Sweeney, 443 So.2d 522 (La.1983).
In determining whether the defendant exercised dominion and control over the illegal substances, the jury may consider the defendant's knowledge that illegal drugs are in the area; his relationship with the person known to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs and any evidence that the particular area was frequented by drug users. Young v. Guste, supra at 973, quoting State v. Tasker, 448 So.2d 1311, 1314 (La. App. 1st Cir.1984), writ denied 450 So.2d 644 (La.1984). The elements of knowledge and intent may be inferred from the circumstances. State v. Barber, 445 So.2d 463 (La.App. 4th Cir.1984), writ denied 446 So.2d 1224 (La.1984). The fact finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial.
In the instant case, the State presented the following testimony and evidence. The owner of the car, Ms. Delores Baltimore, testified that the defendant had permission to use the vehicle where the contraband was found. The defendant and the owner of the vehicle had a personal relationship. The defendant was wearing a beeper and had an address book with a notation indicating that he may be involved in drug trafficking.
The arresting officer, Greg Noble, testified that he observed defendant stuffing objects under the front seat of the vehicle. These objects, later retrieved by police, were found to consist of a small handgun, two bags of cocaine and a small amount of marijuana. The narcotic substances (i.e. cocaine and marijuana) which were stuffed under the seat were the same two narcotic substances retrieved from the trunk of the vehicle.
Although the defendant had access to the area where the drugs were found, he denies that he was in control of the vehicle and he denies knowing that there were drugs present in the trunk. As this court quoted in State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989),
[t]he elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. Trahan, supra; State v. Bailey, 452 So.2d 756 (La.App.2d Cir. 1984); State v. Barber, 445 So.2d 463 (La.App.4th Cir.1984). The fact finder may draw reasonable inferences to support these contentions based upon the evidence at trial. State v. Edwards, 354 So.2d 1322 (La.1978); La. R.S. 15:445.
Under the circumstances of this case, a rational trier of fact could have found that this defendant exercised dominion and control over the illegal substances. As such, a rational trier of fact could have concluded that the state proved the essential elements of the crime beyond a reasonable doubt.
For the foregoing reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The defendant is actually arguing that the trial court erred in not granting the motion for post-verdict judgment of acquittal pursuant to C.Cr.P. 821(B).