**Saul GUZMAN, Petitioner–Appellant,**

v.

**C.M. LENSING, et al.,
Respondents–Appellees.**

No. 90–3195.

United States Court of Appeals,
Fifth Circuit.

June 25, 1991.

George M. Strickler, Jr., New Orleans, La. (Court appointed), for petitioner-appellant.

Saul Guzman, pro se.

Terry Boudreaux and Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, La., for respondents-appellees.

Before HENLEY,[*] KING and GARWOOD, Circuit Judges.

HENLEY, Circuit Judge:

Saul Guzman was convicted by the State of Louisiana for possession of cocaine and sentenced to serve seven years. The state appellate court affirmed the conviction and sentence in an unpublished opinion. *State v. Guzman*, 536 So.2d 847 (La.Ct.App. 1988). The state Supreme Court denied a writ of review. *State v. Guzman*, 541 So.2d 869 (La.1989). After exhausting all available state court remedies, Guzman petitioned for habeas relief in the United States District Court for the Eastern District of Louisiana. The court denied relief. Guzman now appeals that decision. We reverse and grant habeas relief.

The evidence indicates that officers of the Jefferson Parish sheriff's office were conducting surveillance of an apartment inhabited by Miguel Perez on the suspicion that cocaine was being sold out of the apartment. In the course of the investigation, the officers sent a confidential informant into the apartment to purchase cocaine. After this transaction, Perez, Guzman and Carlos Hernandez left that apartment and drove to another apartment at 733 Carolwood. About an hour later, Hernandez and Guzman left the apartment and drove off. Two officers stopped the car and requested identification from Guzman.

When Guzman presented a Texas driver's license, an officer asked if he still lived in Texas. Guzman replied that he currently lived at 733 Carolwood with his sister and her two children. Guzman then signed a form consenting to a search of that apartment. The officers accompanied Guzman and Hernandez to the apartment where Guzman used a key in his possession to open the door. The officers then conducted a search.

In the master bedroom they found Guzman's sister asleep in bed with Perez. On top of a dresser in that bedroom they found a balance scale and a quantity of cocaine. The officers found a much larger amount of cocaine in a plastic bag in the closet of that bedroom. This was the only cocaine found in the house, and no cocaine was found on Guzman's person or in the car in which he was stopped. The apartment was leased in Guzman's sister's name. Other than Guzman's statement at the time of the stop and his possession of a key to the apartment, the only evidence offered to show Guzman lived at the apartment was the fact that a money order with Guzman's name on it was found during the officers' search.

Prior to trial, the trial court granted Guzman's motion to suppress the evidence of the confidential informant's drug purchase at Perez's apartment. Nevertheless, two references to the purchase were made at trial by two officers. Guzman's motions for mistrial after each comment were denied.

Guzman essentially makes three arguments which he claims entitle him to habeas relief. First, Guzman claims that his fourth amendment rights against unconstitutional search and seizure were violated by the officers' actions. Next, he argues that the evidence presented at trial was insufficient to support his conviction for constructive possession of cocaine. Finally, Guzman contends that the admission of unrelated crimes at his trial prejudiced his right to a fair trial by denying him due process. Because we agree that the evidence presented at trial was legally insuffi-

[*] Circuit Judge of the Eighth Circuit, sitting by designation.

cient to support his conviction, we do not reach the other issues.

■ Our standard of review in a habeas action alleging insufficient evidence is set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789. The factual findings of a federal district court in a habeas action should not be set aside unless they are clearly erroneous. Fed.R. Civ.P. 52(a); *Amadeo v. Zant*, 486 U.S. 214, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988). This court's consideration of the sufficiency of the evidence to sustain Guzman's conviction is limited to a review of the record evidence presented at trial. *Tyler v. Phelps*, 643 F.2d 1095, 1102 (5th Cir. Apr. 1981).

■ Guzman was convicted of possession of cocaine. Possession of drugs in Louisiana may be either actual or constructive. Since Guzman did not have actual possession of the cocaine, the issue is whether he had constructive possession. Constructive possession requires that the drugs be subject to the defendant's dominion and control, and that the defendant possess "guilty knowledge" of the drugs. *State v. Trahan*, 425 So.2d 1222, 1226 (La. 1983). Also, a person may be in joint possession of drugs in the physical possession of another if he willfully and knowingly shares with the other the right to control the drugs. *Id.* Each element of constructive possession can be proved through circumstantial evidence. Therefore, determining whether there is possession sufficient to support a conviction depends upon the specific facts of each case. *State v. Cann*, 319 So.2d 396 (La.1975).

In its order denying habeas relief, the district court cites two cases. The first is *Bujol v. Cain*, 713 F.2d 112 (5th Cir.1983). In *Bujol*, the defendant was arrested after fleeing from a back porch when he saw police officers approaching. The police found a syringe containing clear liquid in defendant's pocket. Defendant also had fresh needle marks on his arm. A search of the house revealed drug paraphernalia and a heroin cooker wet from recent use. Based upon this evidence, the court found that a reasonable juror could infer both that the residue in the cooker was under defendant's dominion and control and that he knowingly possessed heroin. The court accordingly refused defendant's request for habeas relief.

The second case cited by the district court is *Harris v. Blackburn*, 646 F.2d 904 (5th Cir. Apr. 1981). Viewed in the light most favorable to the government, the record evidence indicated that Harris was present in the car of another person who also occupied the car, that packets of heroin were in "plain view" on the car console between the men, that Harris had recently injected drugs, and that he was under the influence of them at the time of his arrest. The court noted the fact that the drugs were in plain view meant that Harris was imputed with guilty knowledge of them. Nevertheless, the court found that these facts, coupled with the statement of the other occupant that the heroin was his and not Harris's, failed to prove that Harris had dominion or control over the heroin found in the car. Accordingly, the court granted Harris's request for habeas relief.

Guzman asserts that these cases clearly show that the evidence in his case was insufficient to support his conviction, and he cites an additional case which supports his position. In *Young v. Guste*, 849 F.2d 970 (5th Cir.1988), this court reversed the district court's denial of habeas relief. Young alleged that the evidence admitted at her trial for drug possession was insufficient to uphold her conviction. The evidence indicated police received a tip that drugs were being sold from a specific house. While the police attempted to execute a search warrant for the house, Young slammed and locked the front door. The police kicked in the door and searched the house. In various parts of the house the police found evidence that the house was inhabited by someone other than Young. On a dresser in an upstairs bedroom police

found several pieces of jewelry which belonged to Young. Inside the dresser the police discovered illegal drugs.

Young was convicted of constructive possession of illegal drugs, and the conviction was upheld on appeal. Young then petitioned for habeas relief. The district court denied her petition without a hearing. In reversing, this court acknowledged that the trial court permissibly inferred guilty knowledge of the drugs to Young because she slammed the door when the police arrived, but noted that knowledge must be supplemented with dominion or control. "Establishing dominion or control requires proof such as the defendant's recent use of the drugs, his ownership of the premises where the drugs are found or his frequent or continuous proximity to the drugs." *Id.* at 973. The court found that evidence of this type was entirely absent.

In addition, the court commented that the location of Young's jewelry on top of the dresser containing the drugs merely indicated that Young had access to the general area where the drugs were kept, and was not sufficient to infer that Young had access to the contents of the dresser. *Id.* Finally, the court noted that no evidence was introduced that suggested Young either used or owned the drugs. *Id.* Given these facts, this court found that the evidence was insufficient to support Young's conviction.

After examining the trial transcript, the district court dismissed Guzman's sufficiency claim stating,

> In the instant case, the evidence established that Guzman lived in the apartment where the cocaine was found, that Guzman had access to the room where the cocaine was found, and that a money order bearing Guzman's name was found in the bedroom with the cocaine. The evidence when examined in its totality was sufficient to sustain Guzman's conviction for possession.

We agree the evidence established that Guzman lived at the apartment. Guzman admitted as much to the police officers when he was stopped. We do not agree, however, that the evidence established

Guzman had access to the bedroom or that the money order was found in the bedroom. The question of access is important because it is an element of circumstantial evidence which can be used to show dominion and control over drugs. *State v. Tasker,* 448 So.2d 1311, 1314 (La.Ct.App.1984).

The trial transcript contains only one definite reference to the money order. Officer Kenneth Soutullo was present during the search of the Carolwood apartment. On direct examination, the prosecutor asked Officer Soutullo what happened after the cocaine was weighed and Guzman and the others were arrested. Officer Soutullo replied, "The search [of the apartment] continued and there was some money found in the bedroom and some money found on another one of the suspects and also was seized and some paperwork which indicated that one was a money order with Mr. Guzman's name on it." On the basis of this statement the district court found that the money order was discovered in the bedroom which contained the cocaine. We view the statement as ambiguous at best, and hold that it was clearly erroneous to have concluded that the money order was found in the master bedroom.

■ We also find that the court's unsupported determination that Guzman had access to the master bedroom was clearly erroneous. The district court gave no reasons for finding that Guzman had access to the bedroom. The apparent rationale for this determination was the court's belief that the money order was found in the bedroom and Guzman's possession of a key to the apartment. We have corrected the mistaken finding that the money order was discovered in the bedroom. The question remains, then, whether possession of a key to an apartment constitutes access to all areas of the apartment. As mentioned, we found in *Young* that access to a bedroom did not constitute access to a dresser contained in the bedroom. In light of that decision, we believe it is obvious that possession of a key to an apartment does not constitute access to all the areas in the apartment.

Thus, viewing the remaining evidence in the light most favorable to the government, it was shown at trial that Guzman lived in the apartment where the drugs were found, that Guzman had a key to the apartment and that a money order with Guzman's name on it was found somewhere in the residence. There is simply no evidence of Guzman's exercising dominion or control over the cocaine. Guilty knowledge of drugs is not sufficient to sustain a conviction for constructive . possession. *Harris,* 646 F.2d at 906. Merely being a resident of a place where drugs are found is not in and of itself sufficient to prove constructive possession. *State v. Dunn,* 446 So.2d 829, 831 (La.Ct.App.1984). Dominion or control must also be proved. Access to the drugs is only one element of potential circumstantial evidence which can prove dominion and control. Other factors include the defendant's knowledge that drugs are present; the defendant's relationship with the person found to be in actual possession; the evidence of recent drug use by the defendant; the defendant's proximity to the drugs and any evidence that the area was frequented by drug users. *Tasker,* 448 So.2d at 1314.

The record evidence does not show that Guzman had knowledge of the drugs being present in the bedroom, nor does it reflect Guzman's relationship with Perez. Guzman was never seen in close proximity to the drugs. No evidence was introduced to suggest that Guzman or any of the other persons arrested in the apartment used drugs recently. The only factor which was potentially present in this case was Guzman's access to the drugs, a factor which we have already negated. This being the case, we find that there was insufficient evidence to find Guzman had dominion or control over the drugs.

In light of the paucity of evidence to indicate that Guzman had dominion or control over the cocaine seized in his sister's apartment, we hold that no rational trier of fact could have found beyond a reasonable doubt that Guzman possessed cocaine. We therefore REVERSE the judgment of the district court and order that a writ of habeas corpus be granted.