**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RUBEN LEONIDES-JAIMES; JOSE MATILDE NAJERA AGUIRRE;
ANDRES SANTANA-HERRERA; PEDRO BERRUETE-MALDONADO,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
(B-96-CR-212-2)

December 22, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted the defendants/appellants of conspiracy to transport and the transportation of undocumented aliens within the United States.[2] In this consolidated appeal, the defendants argue that the evidence presented at trial was insufficient to support their respective convictions. We find that the evidence is

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] See 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(A)(ii).

sufficient to support the convictions.  We affirm.

We will not disturb a conviction attacked on the basis of evidence sufficiency if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]  Among the prosecution's evidence in this case was the testimony of Senior Border Patrol Agent Gilberto Perez.  Perez testified that on July 26, 1997, acting on an anonymous tip, he encountered the defendants in an area notorious for the smuggling of aliens. The defendants' appearances matched the descriptions given to Perez by the anonymous caller.  Agents took finger prints and photographs of the defendants, but released them later that morning.  The following night, electronic sensors alerted the Border Patrol to possible smuggling of aliens in the area identified by the anonymous caller the previous night.  Perez proceeded to that location and observed the defendants in two separate vehicles, at least one of which was also occupied by illegal aliens.[4]  Agents found plastic bags containing women's and children's clothing in the bed of one of the trucks.  A rational trier of fact could reasonably have concluded that these items belonged to illegal aliens being transported by the defendants.  As such, the jury could reasonably have found the essential elements of the two crimes beyond a reasonable doubt.

---

[3] *Guzman v. Lensing*, 934 F.2d 80, 82 (5th Cir. 1991)

[4] The defendants appear to have used one of the trucks for the purpose of conducting counter-surveillance.

AFFIRMED.